IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LEON MACK, #7899 | * | |
| Petitioner | * | |
| | * | |
| v. | * | Civil Action No. WDQ-07-2204 |
| | * | |
| KATHLEEN GREEN, Warden, et al. | * | |
| Respondents | * | |

oOo

**MEMORANDUM**

Before the Court is a pro se 28 U.S.C. §2254 petition for federal habeas corpus relief filed by Leon Mack, an inmate at the Eastern Correctional Institution, challenging his convictions in 1963 for murder and assault and intent to murder in the Criminal Court for Baltimore, now named the Circuit Court for Baltimore City. Respondents, by their counsel, have moved to dismiss the petition as time-barred.[1] Upon review of the pleadings, exhibits and applicable law, the Court finds a hearing unnecessary and the Petition untimely. The Petition will be dismissed by separate Order.

**Procedural Background**

Mack was convicted in January of 1963. His appeal was dismissed in August of 1963 for failure to comply with the Maryland Rules. Petition, p. 3; Resp. Ex. 3. On March 13, 2006, Mack filed for post-conviction relief.[2] In orders dated August 18, 2006, and September 28, 2006, the

---

[1] Consonant with *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002), the Court granted Mack an opportunity to explain why this § 2254 petition should not be dismissed as untimely and/or why principles of equitable tolling apply. Mack has not filed a reply.

[2] Mack, through his counsel, asserted that his trial attorney had provided ineffective assistance theorizing that "trial counsel or the Clerk's Office in the Criminal Court of Baltimore failed to follow through with the processing of Mr. Mack's appeal. Resp. Ex. 1, Opinion of the Post Conviction Court. The post-conviction court ruled that Mack's trial counsel did not provide constitutionally ineffective assistance. Further, the post-conviction court found Mack was not entitled to a belated appeal because his petition was "long overdue and does not satisfy the 'due diligence' requirement" articulated in *Garrison v. State,* 350 Md. 128, 138-139 (1998). Resp. Ex. 1, Opinion of the Post Conviction Court.

Circuit Court denied post-conviction relief. On May 29, 2007, the Court of Special Appeals of Maryland summarily denied Mack's application for leave to appeal the denial of post-conviction relief and the mandate issued on June 28, 2007.

For the purposes of assessing the timeliness of the Petition, the Court determines the instant §2254 Petition for Writ of Habeas Corpus was filed on August 3, 2007, the date it was signed and delivered to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D.Md. 1998) (applying the "mailbox rule").

**Statute of Limitations**

A one-year statute of limitations applies to federal habeas petitions challenging state convictions. *See* 28 U.S.C. §§ 2244(d),[3] 2254. This one-year period is tolled while properly filed

---

[3] 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000).

In order to be entitled to equitable tolling, a petitioner must establish extraordinary conduct beyond his control or external to his own conduct caused the delay. *See Rouse v. Lee*, 339 F.3d 238, 246 ( 4th Cir. 2003); *Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstance stood in his way to prevent him from filing a timely petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rouse*, 339 F.3d at 246. A petitioner's lack of understanding of the law may not be used to justify equitable tolling. *See United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004). In this case, Mack does not assert any grounds to apply equitable tolling**.**

**Analysis**

Under the facts presented here, Mack's convictions became final prior to the effective date of the one-year limitations period enacted by the Antiterrorism and Effective Death Penalty Act of 1996. As such, the one-year limitations period under 28 U.S.C. § 2244(d) applicable to Mack started to run on April 25, 1996. *See Brown v. Angelone*, 150 F.3d 370, 371-76 (4th Cir. 1998) (providing a one-year grace period for habeas petitioners whose convictions became final prior to April 24, 2000, the date when the limitations period went into effect); *see also Hernandez v. Caldwell*, 225 F.3d 435, 435-40 (4th Cir. 2000) (holding the limitations period begins to run on April

---

(2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

25, 1996, and expires on April 24, 1997, for convictions which became final before April 24, 1996). Mack did not have any state post-conviction or other collateral proceedings pending between April 25, 1996, and March 13, 2006, and June 28, 2007, and August 3, 2007, a combined period of approximately ten years, when he filed for this §2254 Petition.  Mack neither alleges nor does the record suggest that Mack has been diligently pursuing his rights and that some extraordinary circumstance stood in his way to prevent him from filing a timely petition. *See Pace*, 544 U.S. at 418 (2005); *Rouse*, 339 F.3d  at 246. Consequently, the Court will dismiss the Petition as time-barred.


November 20, 2007                                                /s/
Date                                                       William D. Quarles, Jr.
                                                            United States District Judge